# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| vs. | ) | Judge |
| | ) | |
| MCKINLEY, INC., and | ) | |
| CASTLETON CORNER OWNERS | ) | |
| ASSOCIATION, INC., | ) | |
| | | |
| Defendants. | | |

---

## MT. HAWLEY INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), through its counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, for its Complaint for Declaratory Judgment against Defendants McKinley, Inc. ("McKinley") and Castleton Corner Owners Association, Inc. ("CCOA"), states as follows:

### INTRODUCTION AND NATURE OF ACTION

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of actual controversy concerning the availability and scope of insurance coverage, if any, for McKinley and CCOA under a

commercial general liability insurance policy issued by Mt. Hawley to McKinley, Inc., bearing policy number SLO0001468, effective May 1, 2014 to May 1, 2015 (the "Mt. Hawley Policy").

2.      This action stems from an underlying lawsuit brought by Conroad Associates, L.P. ("Conroad") against McKinley and CCOA (the "Conroad Lawsuit") arising out of the failure of a sewer lift station, which caused the release of pollutants in the form of raw sewage into a building owned by Conroad (referred to herein as the "Conroad Property").

3.      McKinley sought insurance coverage for the Conroad Lawsuit under the Mt. Hawley Policy.  Mt. Hawley initially reserved its rights in response to McKinley's tender, and seeks a determination in this action that Michigan law applies to the Mt. Hawley Policy, and that no coverage (defense or indemnity) exists for the Conroad Lawsuit based upon the application of the Absolute Exclusion-Pollution endorsement ("Absolute Pollution Exclusion"), and, potentially, other provisions in the Mt. Hawley Policy.

4.      CCOA may also be seeking insurance coverage for the Conroad Lawsuit under the Mt. Hawley Policy.

## THE PARTIES

5.      Plaintiff Mt. Hawley is an insurance company incorporated in the State of Illinois, with its principal place of business in Peoria, Illinois, and conducts business in this District.

6.      Defendant McKinley is incorporated in the State of Michigan, with its principal place of business in Ann Arbor, Michigan, and conducts business in this District.

7.      Defendant CCOA was incorporated in the State of Indiana, with its principal place of business in Indianapolis, Indiana, and, upon information and belief, conducts or conducted business in this District.

8.      CCOA has also previously identified in publicly-filed papers McKinley Commercial, Inc., 320 N. Main Street, Suite 200, Ann Arbor, Michigan (the same address as that maintained by McKinley, Inc.) as its resident agent, and its "President or highest officer" and "Secretary or other officer" as individuals located at McKinley's 320 N. Main Street, Suite 200, Ann Arbor, Michigan address.

## JURISDICTION AND VENUE

9.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the controversy is between citizens of different states and the amount in controversy exceeds the minimum jurisdiction amount of $75,000,

exclusive of interests and costs. Jurisdiction is also proper pursuant to 28 U.S.C. § 2201, particularly because this action would settle the controversy between Mt. Hawley and McKinley regarding the existence of insurance coverage for McKinley, if any, under the Mt. Hawley Policy for the Conroad Lawsuit.

10. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b)(1) because Defendant McKinley, which serves as the registered agent for Defendant CCOA, is domiciled in Ann Arbor, Michigan and Mt. Hawley conducts business in this District.

## GENERAL ALLEGATIONS

11. Upon information and belief, Conroad owns real property located at 5602 Castelton Corner Lane, Indianapolis, Marion County, Indiana (the "Conroad Property").

12. Upon information and belief, CCOA was formed in order to provide for the continuing maintenance and administration of various pieces of real property (the "Association Property").

13. Upon information and belief, the Conroad Property constitutes a portion of the Association Property, and Conroad is a member of CCOA.

14. Upon information and belief, in 2008, CCOA entered into a Real Estate Management Agreement with McKinley, pursuant to which McKinley

contracted with CCOA to serve as the sole and exclusive managing agent for the Association Property.

15.     Upon information and belief, on or about February 14, 2015, the sewer lift station at the Association Property failed, which caused the release of a large volume of pollutants in the form of raw sewage into the Conroad Property occupied at the time by a merchant known as Pier One.

16.     As a result of release of these pollutants into the Conroad Property, Conroad contends that it incurred damages, including remediation and rehabilitation of the property.

### The Conroad Lawsuit

17.     On or about December 22, 2016, Conroad filed a complaint against McKinley and CCOA, bearing Cause No. 49D14-1612-PL-044978 and captioned *Conroad Associates, L.P. v. Castleton Corner Owners Association and McKinley, Inc.*, pending in Marion County Superior Court for the State of Indiana (the "Conroad Lawsuit").  A copy of the Second Amended Verified Complaint is attached as **Exhibit A**.

18.     The Conroad Lawsuit contains four counts: Count I – Negligence (CCOA and McKinley), Count II – Breach of Contract (CCOA), Count III – Breach of Fiduciary Duty (CCOA), and Count IV – Breach of Contract (McKinley). (**Exhibit A**, pp. 5-9).

19.     The Conroad Lawsuit alleges that Conroad incurred various economic damages, and that the Conroad property incurred significant damage which required extensive remediation and rehabilitation. (**Exhibit A**, ¶¶ 16-17).

20.     McKinley tendered the Conroad Lawsuit to Mt. Hawley for insurance coverage under the Mt. Hawley Policy.  By letter dated February 10, 2017, Mt. Hawley reserved its right to decline coverage to McKinley for the Conroad Lawsuit under various provisions of the Mt. Hawley Policy, including, but not limited to, the Absolute Pollution Exclusion, the Breach of Contract Exclusion and the "other insurance" conditions in the Mt. Hawley Policy.

21.     Upon information and belief, McKinley tendered the Conroad Lawsuit to CCOA for indemnification pursuant to the terms of the aforementioned Real Estate Management Agreement.

22.     Upon information and belief, CCOA accepted that tender and undertook the defense of McKinley in the Conroad Lawsuit, but has since indicated that it will only defend McKinley up to the amount of its self-insured retention in the Mt. Hawley Policy.

23.     Given the possibility that CCOA would also seek insurance coverage for the Conroad Lawsuit under the Mt. Hawley Policy, Mt. Hawley

advised CCOA of the Mt. Hawley Policy provisions that do or may apply to any request for coverage by CCOA by letter dated April 11, 2019.

### The Mt. Hawley Policy

24.    Mt. Hawley issued Commercial General Liability Policy No. SLO0001468, effective May 1, 2014 to May 1, 2015, to McKinley, Inc. (the "Policy").  A certified copy of the Policy is attached as **Exhibit B**.

25.    The  Insuring Agreements of the Mt. Hawley Policy provides in pertinent part as follows:

**SECTION I – COVERAGES**

**COVERAGE  A – BODILY  INJURY  AND  PROPERTY  DAMAGE LIABILITY**

**1.  Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

  **(1)** The amount we will pay for damages is limited as described in **Section III – Limits of Insurance**; and

**(2)** Our right and duty to defend ends when we have used up the applicable limits of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** or **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** Of **Section II – Who Is An Insured** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" and "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\*          \*          \*

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

        **(1)**  The amount we will pay for damages is limited as described in **Section III – Limits of Insurance**; and

        **(2)**  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

26.  The Mt. Hawley Policy contains the following **Absolute Exclusion – Pollution** (CGL 335 3/10) (referred to herein as the "Absolute Pollution Exclusion"):

This endorsement modifies coverage provided under this insurance:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**Exclusion f.** under **SECTION I, COVERAGE A** and Exclusion m under **SECTION I, COVERAGE B** and Definition **15.** under **SECTION V** are replaced by the following:

This insurance does not apply to:

**Pollution**

**(1)** "Bodily injury," "property damage" or "personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape, contamination, growth, inhalation, ingestion, absorption or exposure to "pollutants":

   (a)   At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

   (b)   At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

   (c)   Which are or were at any time transported, handled, stored, treated, disposed of or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

   (d)   At or for any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations.

Subparagraph **(d)** does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent to be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor.

Subparagraphs **(a)** and **(d)** do not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of heat, smoke or fumes from a hostile fire.

Subparagraphs **(a)** and **(d)** do not apply to "bodily injury," if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building. As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

(e) Caused by or resulting from any of your product/completed operations.

**(2)** Any loss, cost or expense arising out of any:

(a) Request, demand or order that any insured or others test for, monitor, clean up, remove, abate, remediate, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

11

(b)  Claim or "suit" for damages because of diminution in value, loss or market value, loss of use, testing for, monitoring, cleaning up, removing, abating, remediating, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants."

(c)  Any payment for the investigation or defense of any loss, injury or damage or any cost, fine or penalty or for any expense, claim or "suit" related to any of the above.

Definition **15.** is amended to read as follows:

"Pollutants" means any solid, liquid, gaseous, thermal or biological irritant or contaminant, including but not limited to smoke, vapor, soot, lead, asbestos, airborne fibers or spores, mold, mildew, fungus or decay, fumes, acids, alkalis, chemicals or toxins (derived from but not limited to petroleum derivative products), from any source which contaminate, pollute and/or defile any physical substance or matter. "Pollutants" also include electromagnetic fields and electromagnetic radiation across the entire frequency spectrum. Waste includes materials to be recycled, reconditioned or reclaimed.

27.  The Mt. Hawley Policy also includes an endorsement entitled

BREACH OF CONTRACT EXCLUSION, which provides as follows:

This insurance does not apply, nor do we have a duty to defend and claim or "suit" for "bodily injury," or "property damage," or "personal and advertising injury" arising directly or indirectly out of the following:

a.  Breach of express or implied contract;
b.  Breach of express or implied warranty;
c.  Fraud or misrepresentation regarding the formation, terms, or performance of a contract; or

d. Libel, slander or defamation arising out of or within the contractual relationship.

28.    The Mt. Hawley Policy also includes a Self-Insured Retention Endorsement (MSI 324LAC 4/14) which provides in part:

**SELF-INSURED RETENTION ENDORSEMENT – LOSS ADJUSTMENT COMPANY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**I.**    In consideration of the premium charged, it is agreed that the Limits of Insurance for each of the coverages provided by this coverage form, including any endorsements that are attached to the coverage form, will apply excess of a self-insured retention hereinafter referred to as the Retention Amount.

The Retention Amount on this policy is:

$100,000 each occurrence

Loss Adjusting Company; York Adjusting Agency

\*          \*          \*

29.    The Mt. Hawley Policy also includes the following definitions:

\*          \*          \*

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.    False arrest, detention or imprisonment;

b.    Malicious prosecution;

c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.    Oral or written publication in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.    Oral or written publication, in any manner, of material that violates a person's right of privacy,

f.    The use of another's advertising idea in your "advertisement"; or

g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

                    *              *              *

**17.**   **"**Property damage" means:

e.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

f.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*            \*            \*

**22.**    "Your Work":

**a.** Means:

    (1)    Work or operations performed by you or on your behalf; and

    (2)    Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

    (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    (2)    The providing of or failure to provide warnings or instructions.

30.    The Mt. Hawley Policy also contains a Named Insured and Location Supplementary Schedule that identifies "Castleton Commons Corner Owners Association, Inc." as an additional named insured.

## COUNT I

## DECLARATORY JUDGMENT UNDER THE MT. HAWLEY POLICY

31.    Mt. Hawley incorporates by reference all the allegations in paragraphs 1 to 30 of this Complaint as if restated herein.

32.    There is an actual case or controversy between Mt. Hawley and McKinley and CCOA regarding the availability, if any, of insurance coverage for the Conroad Lawsuit under the Mt. Hawley Policy.

33.     Mt. Hawley seeks a declaration from this Court that Michigan law applies to the Mt. Hawley Policy, and that no coverage, including any duty to defend or indemnify, exists for the Conroad Lawsuit under the Mt. Hawley Policy based upon the application of the Absolute Pollution Exclusion in the Mt. Hawley Policy.

34.     Mt. Hawley also seeks a declaration from this Court that no coverage, including any duty to defend or indemnify, exists for Counts II, III, and IV of the Conroad Lawsuit under the Mt. Hawley Policy based upon the application of the Breach of Contract Exclusion in the Mt. Hawley Policy.

35.     Mt. Hawley also seeks a declaration from this Court that any obligations that may exist for the Conroad lawsuit under the Mt. Hawley Policy are subject to the application of the Self-Insured Retention Endorsement in the Mt. Hawley Policy.

36.     Mt. Hawley also seeks a declaration from this Court regarding whether CCOA qualifies as an additional insured under the Mt. Hawley Policy in light of the fact that the Named Insured and Location Supplementary Schedule in the Mt. Hawley Policy identifies "Castleton Commons Corner Owners Association, Inc."

37.     Insurance coverage may also be limited or excluded under the Mt. Hawley Policy to the extent that any other policy terms, definitions,

exclusions, conditions and endorsements not specifically identified herein apply to limit coverage, in whole or in part, for the Conroad Lawsuit, and Mt. Hawley reserves its right to limit coverage under such other policy terms, definitions, exclusions, conditions and endorsements, including, but not limited to:

a.   There is no insurance coverage available under the Mt. Hawley Policy to the extent that the claim is for sums that the insured is not legally obligated to pay for as damages;

b.   There is no insurance coverage available under Coverage A of the Mt. Hawley Policy to the extent that the claim is not for damages because of "bodily injury" or "property damage";

c.   There is no insurance coverage available under Coverage A of the Mt. Hawley Policy to the extent that the claim did not arise out of an "occurrence";

d.   There is no insurance coverage available under the Mt. Hawley Policy to the extent that the claim is for "bodily injury" or "property damage" that did not occur during the policy period;

e.   There is no insurance coverage available under the Mt. Hawley Policy to the extent that the claim is excluded by the contractual liability exclusion;

f.   There is no insurance coverage available under the Mt. Hawley Policy to the extent that the claim is excluded by the expected or intended injury exclusion;

g.   There is no insurance coverage available under the Mt. Hawley Policy to the extent that the claim is excluded by the exclusion for damage to "your work;"

h.    There is no insurance coverage available under the Mt. Hawley Policy to the extent that any insured has failed to comply with the Mt. Hawley Policy's conditions, as compliance with such conditions is a prerequisite to coverage;

i.    There is no insurance coverage available under the Mt. Hawley Policy to the extent that any insured failed to promptly notify Mt. Hawley in writing of an "occurrence," offense, claim or "suit";

j.    There is no insurance coverage available under the Mt. Hawley Policy to the extent that any insured has failed to assist and/or cooperate with Mt. Hawley with respect to the claim or any future action;

k.    There is no insurance coverage available under Coverage B of the Mt. Hawley Policy to the extent that there have been no "personal and advertising injury" offenses (as defined) that were caused by an offense arising out of your business and that was committed during the policy period.

l.    To the extent there was a "personal and advertising injury" offense that took place during the policy period, coverage is limited or barred by the application of the Coverage B exclusions, including, but not limited to, the exclusions for contractual liability (exclusion e), breach of contract (exclusion f). quality or performance of goods (exclusion g), pollution and pollution-related (exclusions m and n), and the Absolute Pollution Exclusion (endorsement).

m.    There is no insurance coverage available under the Mt. Hawley Policy to the extent that any insured concealed or misrepresented any material fact or circumstance or made any material false statement or engaged in fraudulent conduct affecting any matter relating to the Mt. Hawley Policy or any loss for which coverage is sought;

n.    The Mt. Hawley Policy is subject to the applicable policy limits. Any right and duty to defend end when we have used up the

applicable limit of insurance in the payment of judgments or settlements;

o. The Each Occurrence Limit is the most Mt. Hawley will pay for the sum of damages because of all "bodily injury" and "property damage" arising out of any one "occurrence";

p. There is no insurance coverage available under the Mt. Hawley Policy to the extent that any other policy terms, definitions, exclusions, conditions and endorsements not specifically identified herein apply to preclude coverage.

WHEREFORE, Mt. Hawley seeks a declaration from this Court that there is no insurance coverage (defense or indemnity) available to McKinley and CCOA under the Mt. Hawley Policy for the Conroad Lawsuit.

## REQUEST FOR RELIEF

WHEREFORE, Mt. Hawley respectfully requests the following relief:

a. A declaration that Michigan law applies to the Mt. Hawley Policy;

b. A declaration that there is no insurance coverage (defense or indemnity) available to McKinley and CCOA under the Mt. Hawley Policy for the Conroad Lawsuit; and

c. Such other relief as this Court may deem just and appropriate.

Respectfully submitted,

*s/Stephanie M. Brochert*
Kenneth C. Newa (P43497)
Stephanie M. Brochert (P81710)
Plunkett Cooney, P.C.
38505 Woodward Avenue, Suite 100

Bloomfield Hills, MI 48304
(248) 901-4000
(248) 901-4040 (Fax)
knewa@plunkettcooney.com
sbrochert@plunkettcooney.com
***Attorneys for Plaintiff***

Dated: May 14, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MT. HAWLEY INSURANCE COMPANY,

      Plaintiff,                              Case No. 2:19-CV-222418
                                                Hon. Judge

v.

MCKINLEY, INC.,

      Defendant.

---

## JURY DEMAND

Plaintiff, MT. HAWLEY INSURANCE COMPANY, by its attorneys, and hereby demands a trial by jury in this matter only on those issues properly tried before a jury. Plaintiff does not waive any rights to seek a resolution of this matter as a matter of law.

                              Respectfully submitted,

                              PLUNKETT COONEY, P.C.

                              By:_s/ Stephanie M. Brochert_
                              Kenneth C. Newa (P43497)
                              Stephanie M. Brochert (P81710)
                              38505 Woodward Avenue, Suite 100
                              Bloomfield Hills, MI 480304
                              (248) 901-4000
                              (248) 901-4040 (Fax)
                              knewa@plunkettcooney.com
                              sbrochert@plunkettcooney.com

<u>*Attorney for Plaintiff Mt. Hawley Insurance Company*</u>

Dated: May 14, 2019

Open.21176.91735.22094105-1